IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02307–WYD–KMT

JULIO ALVAREZ-CORTEZ,
LORENZA MORALES-ALVAREZ, individually and as next friend of H G-T, a minor and
V G-T, a minor, and
EMMANUEL RUIZ,

    Plaintiffs,

v.

LOU VALLARIA, Garfield County Sheriff, in his individual capacity,
DOES 1-3, Garfield County deputy sheriffs, in their individual capacities,
STEVE TURZA, an ICE agent, in his individual capacity, and
CHRIS CARTER, an ICE agent, in his individual capacity,

    Defendants.

## ORDER

This matter is before the court on Defendant Vallario's "Motion to Stay Discovery Pending Qualified Immunity Determination" (Doc. No. 19 [Vallario's Mot.], filed November 16, 2011). Plaintiffs filed their response opposing the stay on December 2, 2011 (Doc. No. 26 [Resp.]), and Defendant Vallario filed his reply on December 12, 2011 (Doc. No. 28 [Reply]). Also before the court is the "Motion to Stay and Vacate Deadlines in Scheduling Order by Steve Turza and Chris Carter" (Doc. No. 33 [Turza's Mot.]).[1]

---

[1] Though no response to Defendants Turza and Carter's Motion to Stay has been filed, pursuant to D.C.COLO.LCivR 7.1C., the court may rule on a motion at any time after it is filed.

In this suit brought pursuant to 42 U.S.C. § 1983 and 1985 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiffs assert claims that the defendants violated their Fourth Amendment rights by "plann[ing] and conduct[ing] an unconstitutional and unlawful immigration sweep for Lationo men at the 2001 Strawberry Days Festival in Glenwood Springs . . . ." (Doc. No. 2, ¶ 1.) The defendants include Garfield County Sheriff Lou Vallario, ICE Agent Steve Turza, ICE Agent Chris Carter, and various John Does, all sued in their individual capacities. (*Id.* at 1.) The defendants have moved to dismiss the claims against them, in part on the basis of qualified immunity. (Doc. Nos. 16, 30.) The defendants now move to stay all discovery on the grounds that their assertion of qualified immunity entitles them to a stay pending a determination of their immunity.

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of

2

> efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623

(D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). When considering a stay of discovery, this court has considered: 1) the plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Plaintiffs' primary objection to a stay of discovery is that in some cases a defendant's immunity claim turns on factual questions that cannot be ruled on without further clarification of the facts. (Resp. at 4–5.) However, the court notes that Plaintiffs filed their response to Defendant Vallario's motion to dismiss without seeking an extension of time to conduct discovery related to the qualified immunity issue. (Doc. No. 25, filed November 21, 2011.) Moreover, the court notes that Defendant Vallario's Motion to Dismiss does not dispute any of the facts alleged by Plaintiffs in their Complaint. (*See* Doc. No. 16.) Similarly, in their Motion to Dismiss, Defendants Turza and Carter do not dispute the factual allegations asserted by Plaintiffs. (*See* Doc. No. 30.) Thus, Defendants' entitlement to qualified immunity can be determined as a matter of law, and no discovery is necessary to resolve the Motions to Dismiss.

Plaintiffs also argue that the *String Cheese* factors weigh against a stay of discovery. Plaintiffs argue that their interest in proceeding expeditiously cannot be overstated because

4

Plaintiff Alvaraz-Cortez remains in ICE custody and may be removed from the United States "without seeing his day in court." (Resp. at 7.) The court recognizes the possibility of some prejudice to Plaintiffs if their case is delayed; however, this prejudice does not outweigh the burden on Defendants. Here, Defendants argue in their Motions to Dismiss that Plaintiff failed to allege the facts necessary to state a constitutional violation and that the defendants did not violate clearly established law. If the Court agrees, this would entitle the defendants to qualified immunity.[2] While the court expresses no opinion about the merits of Defendants' Motions to Dismiss, the court considers that Defendants have made colorable arguments. Because qualified immunity is meant to free a defendant from the burdens of litigation, allowing discovery to proceed would necessarily burden the Defendants as the defense would be lost.

As to the public interest, Plaintiffs argue that the people of Glenwood Springs and Garfield County have an interest in knowing that their law enforcement resources are being used for productive purposes and not for illegal or unconstitutional purposes. (Resp. at 7.) Defendants argue that the public interest is served by preventing the defendants from diverting valuable time and resources that might otherwise be directed toward their public duties. The court agrees with the defendants.

Plaintiffs also argue that there will be no additional burden on the resources of the Court by allowing the parties to go forward with discovery prior to resolving the immunity issue.

---

[2] Determination of the qualified immunity defense on a dispositive motion involves a two-pronged inquiry: whether the facts that the plaintiff has alleged or shown make out a violation of a constitutional right and whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Herrera v. City of Albuquerque,* 589 F.3d 1064, 1070 (10th Cir. 2009)

(Resp. at 6.) Though the court does have an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery proceeds only to have the case dismissed on qualified immunity grounds. Finally, none of the parties has made any argument as to the remaining *String Cheese* factor regarding the interests of nonparties.

Balancing the five *String Cheese* factors, the court finds that a stay of discovery is appropriate in this case. Therefore, it is

**ORDERED** that Defendant Vallario's "Motion to Stay Discovery Pending Qualified Immunity Determination" (Doc. No. 19) and the "Motion to Stay and Vacate Deadlines in Scheduling Order by Steve Turza and Chris Carter" (Doc. No. 33) are **GRANTED**. All discovery in this matter is hereby **STAYED** pending ruling on Defendants' Motions to Dismiss. The deadlines set in the "Scheduling Order" (Doc. No. 32) are **VACATED**. The parties shall file a joint status report within ten days of a ruling on the pending motions to dismiss, if any portion of the case remains pending, to advise if the deadlines should be reset.

Dated this 4th day of January, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge