IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-02307-WYD-KMT

JULIO ALVAREZ-CORTEZ,
LORENZA MORALES-ALVAREZ, individually and as next friend of
H G-T, a minor, and
V G-T, a minor, and
EMMANUEL RUIZ,

    Plaintiffs,

v.

LOU VALLARIO, Garfield County Sheriff, in his official capacity,
JANET NEPOLITANO, in her official capacity,
JESSE BURRIS, in his individual capacity,
JAMES MILLER, in his individual capacity,
BRIAN SUTTON, in his individual capacity,
DANIEL FITZGIBBONS, in his individual capacity,
STEVE TURZA, an ICE agent, in his individual capacity, and
CHRIS CARTER, an ICE agent, in his individual capacity,

    Defendants.

**ORDER**

This case involves the alleged illegal immigration "sweep" for Latino men perpetrated by the Garfield County Sheriff's Office along with Immigration and Customs Enforcement ("ICE") agents during the 2011 Strawberry Days Festival in Glenwood Springs, Colorado.  Plaintiffs allege that the Defendants unlawfully and unconstitutionally sought out Latino men at the festival and arrested those suspected of being in the United States illegally.  The Defendants have moved to dismiss the First Amended Complaint on a variety of grounds, including lack of standing and failure to

state a claim. Having reviewed the parties' pleadings and the applicable law, I will grant in part the motions as set forth below.

**I.   BACKGROUND**

For purposes of this order, the following allegations will be taken as true. The Strawberry Days Festival, held annually in Glenwood Springs, Garfield County, Colorado, consists of a parade, bands, exhibitions and carnival rides for children. Approximately twenty-five percent of the population of Garfield County are "Latinos," who widely attend the Strawberry Days Festival. Am. Compl., ¶¶18, 19. There is no history of significant gang activity - at the festival or generally - in Garfield County.

Although not specified in the Amended Complaint, at some point in time on or before June 17, 2011, Defendants Steve Turza, Chris Carter and Daniel Fitzgibbons ("ICE Agents") agreed to conduct an "operation" during the festival with the following Garfield Sheriff's deputies: Jessie Burris, James Miller and Brian Sutton. *Id.* at ¶¶24, 8-10. Per their agreement, the deputies would stop and detain Latino males at the festival who they suspected of being in the United States illegally and then turn them over to the ICE agents. *Id.* at ¶24. Consistent with that agreement, Turza, Carter and Fitzgibbons established an ICE command center in a large, white bus near the festival's carnival rides.

At approximately 6:00 pm on June 17, 2011, Plaintiff Emmanuel Ruiz attended the festival while wearing a red baseball cap and a red San Francisco 49ers football jersey emblazoned with the surname "Crabtree" and the number "15." Three Garfield County deputy sheriffs and two undercover officers with weapons approached Ruiz and

shouted for him to "come over here." *Id.* at ¶30.  An officer asked Ruiz whether he had any weapons and he said no.  The officer then checked Ruiz's pockets, removed his wallet, and handed it to Ruiz and asked if he had any identification.  Ruiz gave the officer his Colorado driver's license.  At the same time, one of the undercover officers asked Ruiz about his mother and where he was born.  The officers told Ruiz that they stopped him because he was wearing a red hat, a red football jersey, and red and white shoes.  The officers asked if he had any tattoos, and he told them that he had no tattoos.  The officers then told him that they were just "following procedures."  *Id.* at ¶41. The Amended Complaint provides that this encounter was an "investigative detention and not a consensual encounter."  *Id.* at ¶42.

At 7:45 pm that same evening, Julio Alvarez-Cortez, his brother, Cesar Alvarez, and Julio's wife, Lorenza Morales-Alvarez, were standing next to a carnival ride waiting for their children when three uniformed deputy sheriffs confronted them.  Julio wore a Dallas Cowboys jersey on top of a royal blue tee shirt, blue jeans, blue and white shoes, and a blue baseball cap.  Cesar wore white pants, a white shirt, and white shoes. Neither Julio nor Cesar have visible tattoos, and neither one has ever been in a gang. One of the deputies told Julio and Cesar to, "Come with us, we have some questions for you."  *Id.* at ¶51.  The deputy sheriffs stated that the they wanted to talk to Julio and Cesar about a fight that had occurred earlier in the week.  Julio and Cesar were then taken to the area outside the festival where ICE agents had established the command center.  A deputy sheriff demanded that they produce identification, which the deputy handed over to the ICE agents.  Julio and Cesar were questioned by ICE agents,

handcuffed, and confined in the bus. Neither the deputy sheriffs nor the ICE agents ever asked about any fight that occurred the previous week. Lorenza ultimately persuaded the ICE agents to release Cesar because he was the sole parent of two minor daughters. Julio, however, was subsequently incarcerated by ICE and eventually removed from the United States.

Plaintiffs H G-T and V G-T are Lorenza's minor children and Julio's step-children.

## II. LEGAL STANDARD

In their motions, Defendants invoke Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that Plaintiffs lack standing to assert their claims, which is properly determined pursuant to Rule 12(b)(1) because they attack the Court's subject matter jurisdiction. See *Colo. Env'tl. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004)(standing is jurisdictional). In addition, Defendants seek dismissal pursuant to Rule 12(b)(6), which provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570). A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of

action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Furthermore, conclusory allegations are "not entitled to the assumption of truth." *Id.* at 679.

III. **LEGAL ANALYSIS**

    A. **STANDING**[1]

        I. **PLAINTIFFS LORENZA MORALES-ALVAREZ, H G-T AND V G-T LACK STANDING FOR ALL OF THEIR CLAIMS**

A threshold issue that I must determine first is whether Plaintiffs Lorenza Morales-Alvarez ("Lorenza"), H G-T and V G-T have standing to assert the claims raised in the First Amended Complaint. Defendants maintain that Lorenza, H G-T and V G-T are not alleging that Defendants violated their own constitutional rights. Rather, Lorenza, H G-T and V G-T allege that because Defendants violated Julio's constitutional rights, they too have suffered constitutional harm. *See, e.g.,* Def.'s Mot., pp. 9-11 [DE-51]. Defendants maintain that these Plaintiffs lack standing to assert claims based on the violation of Julio's constitutional rights. In response, Plaintiffs concede that a §1983 claim and a Fourth Amendment claim must be based on the violation of a plaintiff's personal rights. Pls.' Resp., p. 5 [DE-54]. Accordingly, I will dismiss for lack of jurisdiction Lorenza, H G-T and V G-T's §1983 claims and any Fourth Amendment claim for their failure to allege any violation of their own rights.

---

[1] *See WildEarth Guardians v. Public Service Co. of Colorado* 690 F.3d 1174 (10th Cir. 2012)(A plaintiff must demonstrate Article III standing separately for each form of relief sought.).

Relying on a decision from the Ninth Circuit, however, these Plaintiffs contend that they do have a substantive due-process claim for deprivation of their own right to a continuation of their relationship with their husband and stepfather. *Id.* at p. 6 (citing *Moreland v. Las Vegas Metro Police Dep't*, 159 F.3d 365 (9th Cir. 1998)). *Moreland* is factually inapposite and Plaintiffs' reliance on that case ignores binding Tenth Circuit precedent. *Moreland*, focused exclusively on whether family members of a man who was killed by police had stated a claim for a violation of their substantive due process rights. 159 F.3d at 371. It did not address whether family members of a detained or deported undocumented alien could bring a substantive due process claim under §1983. *Moreland* therefore provides no support for Plaintiffs' arguments. Moreover, *Moreland* cannot be reconciled with the Tenth Circuit's decision in *Delgado v. Immigration and Nat. Serv.*, 637 F.2d 762, 764 (10th Cir. 1980), which provides that the "impact visited upon the children of deportable, illegal aliens does not raise constitutional problems." Plaintiffs make no effort to contradict the import of *Delgado* and I find no basis to deviate from that authority. Accordingly, I will also dismiss for lack of subject matter jurisdiction Plaintiffs Lorenza, H G-T and V G-T's due process claims.

    **ii.  PLAINTIFFS JULIO ALVAREZ-CORTEZ AND EMMANUEL RUIZ LACK STANDING TO SEEK INJUNCTIVE RELIEF**

In the First Amended Complaint, Plaintiffs seek an injunction against ICE, the individual ICE agents, the individual Garfield County sheriffs and the Garfield County Sheriff's Department. As to the federal Defendants, Plaintiffs seek to enjoin them from conducting "any ICE enforcement operation" within one mile of any public event where children are likely to be present in Garfield County, Colorado. As to the state

Defendants, Plaintiffs seek to enjoin them from conducting immigration enforcement operations with ICE unless they first enter an agreement to do so pursuant to 8 C.F.R. 287(c)(3).  In their motions to dismiss, the Defendants argue that the remaining Plaintiffs, Julio and Emmanuel, lack standing to seek such injunctive relief.  As to Julio, Defendants argue that he has been deported and therefore the likelihood of future injury is not "reasonably certain."  *See, e.g.,* Def.'s Mot., pp. 3-4 [DE-53].  As to Emmanuel, Defendants also argue that he has failed to allege that future injury is reasonably certain.  Defendants also maintain that the requested injunctive relief is not narrowly tailored to the alleged harm.

I agree with Defendants that Julio and Emmanuel lack standing to seek the injunctive relief set forth in the First Amended Complaint.  As a general rule, to have standing to seek prospective relief, including an injunction, a plaintiff "must show more than past harm or speculative future harm."  *Lippoldt v. Cole*, 468 F.3d 1204, 1217 (10th Cir. 2006).  Plaintiff Julio has been deported from the United States and the Amended Complaint contains no allegations relating to his potential return to the United States in the immediate or forseeable future.  Thus, Plaintiffs have failed to allege any facts that Julio might be injured in the future by an agreement between these Defendants.  In fact, the Amended Complaint is entirely silent on the possibility of future violations by these Defendants against Julio, Emmanuel or any other individual.  Absent allegations that these Defendants might enter into an agreement to violate these Plaintiffs rights or others at the Festival in the future, the remaining Plaintiffs have not alleged a future injury, much less one that is reasonably certain.  That Plaintiffs made a half-hearted

attempt to supply the missing factual allegations in a response brief, rather than amending their pleadings, further establishes that dismissal of these claims is appropriate.[2]  *See, e.g.,* Pls.' Resp., p. 6 [DE-56].  Accordingly, Plaintiffs have failed to allege that they are "realistically threatened by a repetition of [their] experience," *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), and they therefore have failed to allege a case or controversy for injunctive relief.  Thus, the claims for injunctive relief are dismissed for lack of jurisdiction, specifically the official capacity claims against Lou Vallario and Janet Nepolitano.[3]

### B. COUNT ONE IS DISMISSED WITH PREJUDICE AS TO DEFENDANTS BURRIS, MILLER AND SUTTON

Defendant's Burris, Miller and Sutton, the Garfield County Sheriff's Deputies involved in the incidents alleged in the First Amended Complaint, seek to dismiss the first claim for relief for a variety of reasons.  The Plaintiffs, however, failed to file a response to these Defendants' motion.  I will treat the failure to respond as a confession

---

[2]In any event, these belated, additional factual allegations would not be sufficient to save this claim from dismissal.  My conclusion also finds support from the fact that the 2012 Festival occurred without the Plaintiffs subsequently amending their pleading to identify additional constitutional violations.  I can only conclude that the problems these Plaintiffs encountered at the 2011 festival did not recur at the 2012 Festival.

[3]I also find that the request for injunctive relief is overbroad and conflicts with the applicable statutory scheme.  Enjoining state law enforcement officers from conducting immigration enforcement operations with ICE unless they first enter an agreement to do so pursuant to 8 C.F.R. 287(c)(3) would conflict with section 1357(g).  While section 1357(g) allows for any political subdivision of a state to enter into a written agreement with the Attorney General, nothing in subsection (g) <u>requires</u> a written agreement for local officials "to communicate with the Attorney General regarding the immigration status of any individual," or "otherwise to cooperate with the Attorney General in the identification, apprehension, detention, or removal of aliens not lawfully present in the United States." *Id.* at § 1357(g)(10)(emphasis added)

to the motion.  Accordingly, I will grant their motion and dismiss with prejudice the first claim for relief[4] as to Defendants Burris, Miller and Sutton.

### C. THE *BIVENS* CLAIM AGAINST THE ICE AGENTS

What remains of Plaintiffs' Amended Complaint[5] is a *Bivens* claim for compensatory and exemplary damages against the ICE agents.  Because Plaintiff Ruiz failed to allege any contact with these ICE agents, only Plaintiff Julio's claim merits discussion.  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held injured plaintiffs can bring a cause of action for damages against federal officers based on violations of their constitutional rights.  A *Bivens* suit against a federal agent is the federal equivalent of a suit against State officials under §1983.  *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006).

Although the Plaintiffs are not entirely consistent in describing the nature of their *Bivens* claim against the ICE agents, I view Julio's claim as one based on an alleged "conspiracy to deprive persons of the equal protection of law under 42 U.S.C. §1985."  *See* Am. Compl., ¶99.  Assuming without deciding that I should recognize this as a proper *Bivens* claim, I must dismiss this claim pursuant to Rule 12(b)(6) for failure to state a claim.

"The essential elements of a [42 U.S.C. §]1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton*

---

[4]These Defendants filed an answer to the second claim for relief.  [DE-61].

[5]As mentioned in note 3, the second claim for relief against the individual State Defendants also remains pending.

*v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). "Section 1985(3) conspiracy claims cannot stand on 'vague and conclusory allegations'; but rather, 'must be plead with some degree of specificity.'" *O'Conner v. St. John's College*, 290 Fed.Appx. 137, *3 (10th Cir. Aug. 18, 2008).

Plaintiffs' Amended Complaint lacks any semblance of specific allegations concerning the conduct of the ICE Agents individually, or collectively. Plaintiffs merely offer the conclusory allegation that the ICE Agents "conspired" or as set forth later in the Amended Complaint, entered into a "conspiracy." Am. Compl. ¶¶29, 97. But using the words "conspire" and "conspiracy" do nothing more than provide a "[t]hreadbare recital[] of the elements of a cause of action," which is insufficient to survive a motion to dismiss after *Iqbal*. 129 S.Ct. at 1949. Moreover, Plaintiffs have utterly failed to plead with any specificity the meeting of the minds necessary for a conspiracy. *See e.g., Gallegos v. City and County of Denver*, 984 F.2d 358, 364 (10th Cir. 1993). Plaintiffs allege that the ICE Agents and the Garfield County deputies agreed in advance of the Festival to conduct the "operation" giving rise to the alleged constitutional violations in this case. Am. Compl., ¶24. The Amended Complaint, however, is devoid of any factual allegations concerning how, when or who made such an agreement. Accordingly, Plaintiff Julio's *Bivens*' claim must be dismissed pursuant to Rule 12(b)(6).

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED that Defendants Burris, Miller and Sutton's Motion to Dismiss [DE-60], Motion to Dismiss filed by Secretary Napolitano [DE-53], Motion to Dismiss by

Steve Turza, Chris Carter and Daniel Fitzgibbon [DE-52], and Defendant Vallario's Motion to Dismiss [DE-51] are **GRANTED IN PART**.  The motions are **GRANTED** to the extent that: (1) all of Plaintiffs Lorenza Morales-Alvarez, H G-T and V G-T claims are **DISMISSED** for lack of subject matter jurisdiction; (2) Plaintiffs Julio Alvarez-Cortez and Emmanuel Ruiz claims for injunctive relief are **DISMISSED** for lack of subject matter jurisdiction, including all of the official capacity claims against Lou Vallario and Janet Nepolitano; (3) Count One is **DISMISSED WITH PREJUDICE** against Defendants Jessie Burris, James Miller and Brian Sutton; and (4) Plaintiffs Julio Alvarez-Cortez and Emmanuel Ruiz's claims against Defendants Daniel Fitzgibbon, Steve Turza and Chris Carter are **DISMISSED** pursuant to Rule 12(b)(6).  It is

FURTHER ORDERED that the stay of discovery is **LIFTED** and the remaining parties shall commence discovery on the only claim that remains pending: Julio Alvarez-Cortez and Emmanuel Ruiz's January 8, 2013 request for compensatory and exemplary damages against Defendants Jessie Burris, James Miller and Brian Sutton under Count Two.  The parties shall file a joint status report on or before **February 4, 2013,** consistent with Magistrate Judge Kathleen M. Tafoya's prior Order [DE-35].

Dated:  January 23, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
United States Senior District Judge